IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON RUSSELL EVERLY, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:12cv147 |
| v. | ) |
| | ) |
| OPERATIONS OF THE CITY | ) |
| ADMINISTRATOR *(Mayor)*, | ) |
| ESQ. ITS SOLICITOR, ITS | ) |
| DIRECTION CHIEF OF POLICE | ) |
| McKEESPORT, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

Damon Russell Everly ("plaintiff") commenced this proceeding by filing a motion to proceed in forma pauperis and attaching to it a "complaint" directed against the defendants, "Operations of the City Administrator (Mayor)," "Esq. its Solicitor," and "its direction Chief of Police McKeesport." The "complaint" consists of various disjointed phrases and run-on sentences that are largely unintelligible. As best as the Court can tell, plaintiff appears to be complaining about law enforcement officers who allegedly harassed him and generally violated his rights. Further, plaintiff appears to be seeking relief in the form of a "warrant of writ" or "citation" that will prevent further "harassment or intimidation." (Complaint at p. 2.) Typical of plaintiff's averments are the following:

> I venture to file charges of Harassment as intimidation against your Law enforcement. 02-07-12 Division Detectives on or about 8:45 AM directed their capacity to both action of unjust my person to be of threatened to my Constitutional right of Basic fulfillment the is to allowance General Welfare of freedom, liberty and justice Rights the fourteenth amendment grants anyone or all, of the Good in Commonwealth to be free of abuse such Harrassment's and Intimidation's By any or all such officers of the Law under the dignity of assembly warrants any one or all citizens Be protection of the Laws Safe of their

1

> person character or manner of Course good. Come a threatening acts I intend with such witnesses seen to was disruption of my Rights and it is therefore Just my Cause to Secure action to be a Warrant of Writ, Citation or Request of action from the Third of Circuit United States Courts, Pittsburgh Division Western to Issue those herein…

(Complaint at pp. 1-2, Doc. No. 1-1.)

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir.1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§1915(e)(2)[1]] to determine whether it is frivolous." Id. (citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir.1976)); Schneller v. Abel Home Care, Inc., 389 F. App'x 90, 92 (3d Cir. 2010). The Court finds the plaintiff to be without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Whether a complaint fails to state a claim under §1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to

---

[1] This provision was formerly codified as 28 U.S.C. §1915(d).

2

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). However, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Here, a review of plaintiff's "complaint" reveals that it (1) fails even to identify, much less properly state, a legal theory upon which relief can be granted and (2) is based upon stream of consciousness ramblings which are essentially unintelligible or, at best, merely bald and conclusory allegations of wrongdoing. Construing the complaint most liberally in plaintiff's favor, the Court assumes that plaintiff is attempting to state a claim under 42 U.S.C. §1983 for the violation of his federal constitutional rights. Although the "complaint" references the Fourteenth Amendment (see Complaint p. 1, ¶ I), it fails to identify which right or rights thereunder were violated. In addition, while the "complaint" vaguely alleges harassment and intimidation at the hands of unidentified law enforcement officers, it provides no averments as to what exactly was done to plaintiff, when it was done, and by whom it was done. Accordingly, the pleading utterly is devoid of factual content that would support the existence of a plausible constitutional violation based on the "harassment" and "intimidation" to which plaintiff allegedly was subjected. Moreover, the "complaint" fails to allege facts which plausibly establish that each of the named defendants personally was involved in the alleged misconduct. Wright v. Warden, Forest SCI, 582 F. App'x 136, 137 (3d Cir. 2014) ("A defendant in a section 1983 action 'must have personal involvement in the alleged wrongs…'") (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

3

In sum, to the extent plaintiff's "complaint" is intelligible, it contains little more than recitations of legal phrases and conclusory allegations of wrongdoing. However, the Supreme Court has admonished that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions ...." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (<u>quoting</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986))(alteration in the original). Having failed to provide any factual predicate for any cognizable action, plaintiff's "complaint" fails to state a claim upon which relief can be granted. Because the "complaint" is devoid of any content to suggest that further amendment would cure its deficiencies, the "complaint" will be dismissed with prejudice. An appropriate order will follow.

<u>Date: February 12, 2015</u>

                                                s/David Stewart Cercone
                                                David Stewart Cercone
                                                United States District Judge

cc:    Damon Russell Everly
        720 Ridge Street
        McKeesport, PA  15132